[Civ. No. 2145.  First Appellate District.—October 23, 1917.]

## MARTHA R. HATHAWAY, Respondent, v. ROBERT L. COLEMAN et al., Appellants.

NEGLIGENCE—PERSONAL INJURIES—TAXICABS—DANGEROUS ROUTE—NEW TRIAL—DISCRETION OF COURT.—The discretion of the trial court in granting a new trial to the plaintiff in an action for damages sustained while traveling as a passenger in a taxicab of the defendant, should not be interfered with when it appears that the route taken by the driver was a dangerous one and there were other routes available.

APPEAL from an order of the Superior Court of the City and County of San Francisco granting a new trial.  John Hunt, Judge.

The facts are stated in the opinion of the court.

Edwin H. Williams, for Appellants.

Edward C. Harrison, Maurice E. Harrison, and Daniel A. Ryan, for Respondent.

THE COURT.—The plaintiff brought an action against the defendants for damages for personal injuries suffered while she was riding in a taxicab operated by an agent of the defendant.  The case was tried before a jury, and it resulted in a verdict for the defendant; but upon a motion for a new trial, made upon all of the statutory grounds, the court made a general order granting a new trial; and the appeal is taken from that order.

The accident out of which the case arose occurred in the following manner: The plaintiff, who desired to go to a certain hospital known as St. Joseph's Hospital, from some point in the busy section of San Francisco, engaged the taxicab and its driver and directed him to take her to the St. Joseph's Hospital. It appeared that the driver of the taxicab did not know just where the hospital was, although he was otherwise a trained, skillful, and experienced driver of taxicabs, having driven such vehicles in the city mentioned for several years, and being, as the evidence shows, familiar with the streets of that city. He asked the plaintiff where St. Joseph's Hospital was, and she informed him it was out Haight Street, on Buena Vista Avenue. The driver proceeded out Haight Street and went up two steep hills to reach the hospital. Arriving at her destination the plaintiff alighted, went into the hospital, remained a while, and then came out and re-entered the taxicab. The driver undertook to return by the same route he had taken to reach the hospital. He descended one of the hills, which the evidence shows was the only feasible route at that point, and arrived at Haight Street, where there was another hill to descend. It had been raining and the streets were wet. The driver undertook to go down this hill on Haight Street, and on the way down the vehicle skidded and collided with a post, and the plaintiff was injured.

Upon the trial of the case the plaintiff undertook to show by witnesses that there were other routes by which the driver could have avoided going down this steep hill on this rainy day; that by taking a detour he could have avoided the steep declivity. The court refused to permit that proof to be made, to which refusal an exception was taken. There is, however, in the record some evidence that there were other such routes and that the driver knew of them.

The appellants contend here that the verdict was properly in their favor, for the reason that the driver took the route directed by the plaintiff, and that as a matter of law the plaintiff, having directed the driver to take a particular route, cannot maintain an action for damages if an injury occurs while the driver is obeying that direction. The evidence, however, in the case apparently in the opinion of the trial court—as it seems to us also—does not go so far as to amount to a direction on the part of the plaintiff that the driver take a particular route, because while he did not know where the

particular hospital was, the evidence shows that he knew all the streets of the city; that he had driven up and down this particular street before, and that the only direction she gave was the one as to the location of the hospital, namely, on Buena Vista Avenue, and was not a direction to him to pursue a particular route. But, however that may be, that direction only had reference to the route out and up the hill, and the plaintiff gave no direction as to the route which the driver should pursue on the return journey; and it may well be that the trial court took the view that while it might not have been dangerous to ascend this hill upon a rainy day, it was a matter of great danger to undertake to descend it when there were other routes available. It seems to us that these considerations may well have entered into the conclusion of the court in granting a new trial. We think that the discretion of the court thus exercised should not be interfered with under the circumstances.

The order is affirmed.